CHICAGO, B. & Q. R. CO. v. IVES et al.

(Circuit Court of Appeals, Eighth Circuit. September 24, 1894.)

No. 416.

TRIAL—PROVINCE OF COURT AND JURY— RELEASE AND DISCHARGE — BILLS OF EXCEPTIONS.

In an action for damages, the exclusion of a release which was pleaded, and which plaintiffs alleged was obtained by fraud, *held* error, which was not cured by the court's suggesting that defendant incorporate into its bill of exceptions evidence admitted at a former trial on the issue as to the validity of the release, defendant having declined to adopt the suggestion.

In Error to the Circuit Court of the United States for the District of Colorado.

Edward O. Wolcott, Joel F. Vaile, and Henry F. May, for plaintiff in error.

No brief filed for defendants in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

THAYER, Circuit Judge. The judgment in this case must be reversed for the following reasons: The suit was brought by Charles W. and Alice Ives, who were husband and wife, under the Colorado damage act, for the negligent killing of their minor child, who was run over on May 20, 1892, in the city of Denver, by a car owned, and at the time operated, by the plaintiff in error, the Chicago, Burlington & Quincy Railroad Company. For a defense to the suit the defendant company pleaded, among other defenses, that it had been released from all liability for the wrong and injury complained of by a release duly signed and executed by the plaintiffs on the 21st day of May, 1892, for a consideration expressed therein of $50, which sum had been duly paid to the plaintiffs. To this defense the plaintiffs replied, in substance, that their signatures to the release pleaded had been obtained by fraud, and that the release was not binding upon them; that the money paid to them thereunder had been tendered back to the company, and that the release had been repudiated and revoked as soon as they discovered the fraud and the true nature of the instrument by them signed. The record now before us recites that:

"The case was tried to a jury at the November term, 1892, which was a mistrial, the jury failing to agree. At that trial the issue as to the release * * * was submitted to the jury. The court, being of the opinion that such submission was improperly made, the facts disclosed showing that the release was not properly obtained, declined to allow counsel to present the issue at this trial. This ruling was made when plaintiff's counsel was opening the case to the jury, and defendant's counsel then and there excepted to the ruling. The court suggested to counsel for defendant that the evidence relating to the release at the first trial be put into this bill, to enable the court of appeals to decide on the sufficiency of such evidence. Defendant's counsel declined to proceed in that manner."

The record further shows that after the plaintiffs had concluded their testimony in chief the defendant's attorney, among other proof, offered a release signed by the plaintiffs, Charles W. and Alice

Ives, which conformed in every respect to the release pleaded in the defendant's answer, and was, on its face at least, a good and sufficient discharge of the cause of action stated in the petition. The court rejected the offer of the release, declined to allow it to be read to the jury, and the defendant's attorney thereupon duly excepted. This was a clear error, in consequence of which the judgment against the defendant company must be reversed. By the ruling in question the defendant was obviously deprived of the right to prove one of the defenses pleaded in its answer, which it was entitled to make good if it could do so, and the reading of the release to the jury was a necessary step in that direction. The suggestion of the trial judge that the issue as to the validity of the release be submitted to an appellate court, if found necessary, on the testimony in relation thereto adduced at the first trial, was doubtless a very reasonable suggestion, and made for the purpose of saving time and expense; but the difficulty is that it rested with the defendant to assent or dissent to the proposal, and it appears to have dissented. The court had no power to enforce the suggestion in question in opposition to the wishes of the parties to the suit or either of them. The judgment is therefore reversed, and the cause remanded, with directions to grant a new trial.