### CHICAGO, B. & Q. R. CO. v. MUNGER.

(Circuit Court of Appeals, Eighth Circuit. March 18, 1909.)

#### No. 2,833.

RAILROADS (§ 327*)—CROSSING ACCIDENT—CONTRIBUTORY NEGLIGENCE.

Decedent, who was familiar with a city railroad crossing, rapidly approached it on a foggy morning and continued to cross the tracks without stopping, until he was struck by an engine and killed. From a point about 60 feet north of the main track to the crossing of the track for a quarter of a mile was an open view to a pedestrian approaching as decedent was, except for the dense fog. Several witnesses who were standing near the crossing testified that the noise of the approaching train was heard by them for a minute or more before it reached the crossing, or while the engine was a half mile away, and that notwithstanding the fog an engine could be discerned a distance variously estimated at from 50 to 200 feet. *Held*, that decedent was negligent in not stopping as he approached the track and making sure that he could cross in safety.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 1044; Dec. Dig. § 327.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In Error to the Circuit Court of the United States for the Eastern District of Missouri.

George A. Mahan (O. M. Spencer and N. O. Borders, on the brief), for plaintiff in error.

C. T. Hays and Reuben F. Roy (J. W. Hays, on the brief), for defendant in error.

Before SANBORN and ADAMS, Circuit Judges, and RINER, District Judge.

ADAMS, Circuit Judge. Mrs. Munger, the defendant in error, sued the railroad company for damages alleged to have been sustained by her by the death of her husband, Emil P. Munger. He was walking rapidly south on Lindell avenue, a public street in the city of Hannibal, Mo., and as he stepped upon the defendant's main track, crossing Lindell avenue in an easterly and westerly direction, he was struck and killed by the engine of a freight train just then approaching that avenue from the east. Plaintiff in her petition charged that the railroad company failed to ring a bell or sound a whistle or otherwise advise of the approaching train, that defendant's train was moving at an excessive and dangerous rate of speed, and that as a result of these acts of negligence the decedent met his death. The defendant relied on contributory negligence as its defense.

We may assume for the purposes of this case that the railroad company was guilty of all the acts of negligence charged against it. It is the settled law of this jurisdiction that such negligence would afford no ground for recovery in this action, if decedent's own negligence contributed to his death. The defendant's counsel contend that contributory negligence so clearly appears from the proof that it was the duty of the trial court to instruct the jury as a matter of law that plaintiff could not recover. The failure to give a requested instruction to that effect is the main error assigned and relied upon by the defendant for a reversal of this judgment.

What are the facts? The following are uncontroverted: The decedent was familiar, by reason of long experience and observation, with Lindell avenue and the railroad tracks which cross it. He had crossed the tracks twice a day, morning and evening, for years in going to and returning from his place of labor to his home. Lindell avenue was a well-traveled street 60 feet wide. On the morning of the fatal accident decedent was walking rapidly southwardly along Lindell avenue in the direction of the crossing tracks and did not come to a stop until after he was struck by the engine. From a point about 65 feet north of the main track continuously down to the crossing all the railroad track extending for a quarter of a mile east of Lindell avenue was, except for a heavy and dense fog which prevailed that morning, in open and plain view to any pedestrian going south on Lindell avenue. There were no natural or artificial obstructions to prevent hearing or seeing an approaching train. The decedent reached the track and stepped upon it so immediately in front of the approaching engine that he, although walking fast, was struck and killed before crossing the track, which, as is well known, is not over 4 or 5

feet wide. Several witnesses standing near to the crossing testified that the noise of the approaching train which ran over decedent was heard by them for a minute or more before it reached the crossing as some put it, or when the engine was half a mile away as others put it. The fog was unusually heavy that morning, but so that an engine could be discerned a distance variously estimated from about 50 to 200 feet. So much for the uncontroverted facts of the case. Witnesses differ as to whether the decedent looked to the east in the direction of the approaching train as he walked towards the track. Some say he did, and some say he did not. All agree that he was walking unusually fast with his head down.

On the foregoing state of facts there can be no doubt that, apart from the effect to be given to the fog of the morning, the decedent was guilty of contributory negligence fatal to recovery by his widow in this action. He rapidly approached a much-operated railroad track, stepped upon it, undertook to pass over it, and was overrun by an engine before he was able to get across. The physical facts conclusively show that either he did not look and listen for an approaching train, or that, if he did so, he undertook to cross in front of an immediately threatening danger, which he must have both seen and heard. In the one case he was guilty of inexcusable negligence, and in the other of inexcusable recklessness. In either, according to well-settled authority, he was guilty of such contributory negligence as precludes recovery in this action. Railroad Co. v. Houston, 95 U. S. 697, 24 L. Ed. 542, Rich v. C., M. & St. P. Ry. Co., 78 C. C. A. 663, 149 Fed. 79, and cases cited.

Does the heavy fog which prevailed that morning modify this result? The following authorities, we think, conclusively answer this question in the negative. Railroad Co. v. Andrews, 64 C. C. A. 399, 130 Fed. 65; Garlich v. Railroad Co., 67 C. C. A. 237, 131 Fed. 837; Tomlinson v. C., M. & St. P. Ry. Co., 67 C. C. A. 218, 134 Fed. 233; C., M. & St. P. Ry. Co. v. Donaldson, 85 C. C. A. 185, 157 Fed. 821; Davis v. Railway Co., 83 C. C. A. 488, 159 Fed. 10, 16 L. R. A. (N. S.) 424; Denver City Tramway Co. v. Cobb (C. C. A.) 164 Fed. 41.

In the Andrews Case this court said:

"The amount of care which will satisfy this requirement is necessarily adjusted to and varies with the danger to be guarded against. * * * If, therefore, when plaintiff approached the crossing, smoke interfered with the view along the tracks to the west, and prevented him from readily or plainly determining whether a train was coming from that direction, he was at once apprised of the increased danger, and it became his duty to exercise greater caution and vigilance for his own safety than would have been required otherwise."

In the Davis Case, supra, this court observed on the same subject as follows:

"If the view is obstructed, interfering with the sense of sight, then he must bring into requisition the sense of listening carefully and attentively."

In view of these authorities, and in the application of common sense to the situation, we entertain no doubt that the decedent, however dense and thick the fog may have been, was guilty of culpable

negligence in not stopping as he approached the railway track and making sure that he could safely venture upon the enterprise, dangerous at best, of crossing the track.

The judgment is reversed, with directions to grant a new trial.