KAISER v. NORTHERN PAC. RY. CO.

(Circuit Court of Appeals, Eighth Circuit. February 10, 1913.)

No. 3,823.

1. CARRIERS (§ 327*)—INJURY TO PASSENGERS—APPROACHING ACCOMMODATION TRAIN—RAILROAD YARD— CONTRIBUTORY NEGLIGENCE.

Plaintiff and a companion started to walk through a railroad yard to an accommodation train which they intended to take. As they walked they turned and observed an engine between 200 and 300 feet to the rear

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

approaching at the rate of 6 or 8 miles an hour. They left the track along which they were walking, crossed over two or three others to the south, and continued their course beside one of the latter tracks. The engine also switched over to that track, and as they continued to walk in a path along the side of the rail without looking again the engine came up, and plaintiff was struck and injured by the overhanging cross-.beam. It was a bright, clear morning, and there were no obstructions to the view along the track in either direction, and the clearance between the tracks at the point gave ample room for pedestrians. *Held*, that plaintiff was negligent as a matter of law, and could not recover.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1363–1366; Dec. Dig. § 327.*]

**2. CARRIERS (§ 339*)—INJURY TO PASSENGERS—APPROACHING TRAIN—RAIL- ROAD YARD—CONCURRING OR SUCCEEDING NEGLIGENCE.**

Defendant's failure to ring the bell or blow the whistle was at most concurring or succeeding negligence which failed to prevent the natural consequences of the plaintiff's carelessness, and was therefore not of itself actionable.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1353; Dec. Dig. § 339.*]

In Error to the District Court of the United States for the District of North Dakota; James D. Elliott, Judge.

Action by Charles Kaiser against the Northern Pacific Railway Company. Judgment for defendant, and plaintiff brings error. Affirmed.

A. L. Knauf, of Jamestown, N. D. (John Knauf, of Jamestown, N. D., on the brief), for plaintiff in error.

C. W. Bunn, of St. Paul, Minn., and Watson & Young, of Fargo, N. D., for defendant in error.

Before HOOK and SMITH, Circuit Judges, and VAN VALKEN- BURGH, District Judge.

VAN VALKENBURGH, District Judge. Plaintiff, a traveling salesman, brought suit against the defendant railway company to recover damages laid at $26,300 for personal injuries sustained while walking through defendant's yards at Dickinson, N. D., for the purpose of boarding one of defendant's trains for South Heart, in the same state. This train, described as a local freight, carried a single coach for the accommodation of passengers. It was made up and customarily stood before departure in the yard of the company at a point between three and four blocks west of the passenger station. It was reached by passing, for a portion of the way at least, along and across the tracks of this yard used by defendant for the general purposes of its business, and thus described by plaintiff in his petition:

"A regular railway yard consisting of main tracks and many side and passing tracks, all of which side tracks extend and are used in an easterly and westerly direction, and are used for switching cars, making up trains, passing of trains, loading of passengers and freight trains, and for general railway purposes."

Plaintiff lived at Dickinson, was entirely familiar with the surroundings, and it had been his custom to take this train, under the same

conditions, every Tuesday morning for more than a year next preceding the accident. Between the tracks in this switching yard repeated travel by railway employés and others had worn the surface smooth and hard, until it resembled a path, and it is referred to as such in the testimony. It was upon this path, so called, alongside one of the tracks, that plaintiff was walking when he was struck in the back by the overhang of a switch engine as it passed, and sustained the injuries complained of. He was accompanied in his walk by a friend named Costello. After covering a part of the distance between the station and train, they looked back and saw an engine approaching on the track on which they were then walking; thereupon, they left this track, crossed two or three others to the south, and continued their course beside, but not between, the rails of one of the latter tracks. At the time they saw the engine behind them it was distant 250 or 300 feet, and coming toward them; from this point, to the place of the accident—a distance of 150 or 200 feet—they did not again look behind them, nor did they take any precaution to detect the possible approach of danger. The plaintiff says he listened; that his hearing was good, his ears free from covering; and that he heard no engine approaching, no bell ringing, nor whistle blowing. Mr. Costello in his testimony describes the situation more in detail:

"Q. When you say you both looked back just before you crossed over, you meant by that you looked back at the same point you spoke of before, about opposite the icehouse? A. That was the last time we looked back. We loked back to see if the rest of the boys were coming.

"Q. As you walked along down that morning, after you had looked to the east, did you listen? A. Did we listen?

"Q. Yes? A. No; we didn't listen.

"Q. How? A. Did we listen?

"Q. Yes? A. No; we never thought of listening—no occasion for listening.

"Q. Did you hear anything approaching you at all? A. No."

The yard at this point presented the usual maze of lead tracks and switches. By one of the latter the engine was transferred from the track upon which it was seen approaching, by the plaintiff and his companion, to that beside which the two men were walking. It was a bright, clear morning, and there were no buildings or other obstacles obstructing the view along the tracks in either direction. The clearance between the tracks at the point where plaintiff was walking was the usual one in yards of this nature, giving ample room for pedestrians. Costello was slightly in advance of plaintiff, but farther from the track, and was untouched by the same engine as it passed. At the close of plaintiff's evidence the court, upon motion, directed a verdict in favor of the defendant, upon the ground that plaintiff's own negligence not only contributed to, but was the primary and efficient cause of his injury, and judgment was entered accordingly. This is the only error assigned for review.

[1] In this petition plaintiff charged but two acts of negligence: First, that defendant ran its locomotive at great and excessive speed; second, that it failed to give warning of the engine's approach by ringing the bell or blowing the whistle. The former charge is expressly disproved, because it is shown that the engine was running at a very low

rate of speed—not more than 6 or 8 miles an hour according to the testimony of Costello—and, further, that it was stopped, upon call, within 18 feet of the point of contact. No evidence of excessive speed was offered. The second charge is left to be inferred because several witnesses testified that they did not hear such a bell or whistle. None are shown to have been paying express attention, and some are affirmatively shown to have been paying no attention to this particular feature. This is especially true of the plaintiff and his companion. No charge is made in the pleadings that the defendant was negligent in providing a dangerous approach for boarding its train; but, even though it be assumed that some degree of negligence is imputable to the defendant, nevertheless we agree with the trial court that the plaintiff was not entitled to recover upon the record here presented.

Where contributory negligence is established by the uncontroverted facts of the case, it is the duty of the court to instruct the jury that plaintiff cannot recover. As frequently held, and generally undersood, every railroad track is a constant warning of danger from the powerful machines that traverse it; and such danger is intensified when plaintiff was, as he knew, in the midst of a network of tracks and switches, where there was continuous movement backward and forward, and where switching from one track to another was constantly to be expected. Plaintiff had already seen this same engine moving in his direction but 200 or 300 feet behind; he knew, or should have known, that the various tracks were connected by intercommunicating switches, and the duty of observation and caution, in the midst of such surrounding, was a continuing one. That he was a prospective passenger, and therefore rightfully upon the company's property, can make no difference. The rule applies to trespasser and licensee alike. Neither is absolved from the exercise of care to avoid known impending danger commensurate with the imminence of that danger. Here the plaintiff, although aware of the approach of an engine in a yard used for switching in the breaking and making of trains, deliberately turned his back upon it, and invited the injury which he speedily suffered. He was not between the rails of the track, but upon a path beside the track, which afforded ample space within which to walk without injury from passing engines and cars. His companion and others were passed by this same engine without injury. The plaintiff heedlessly walked so close to the rails that he came within reach of the usual overhang or crossbeam. Here, again, his negligence is apparent, and was the primary and efficient cause of the injury.

[2] The failure to ring the bell or blow the whistle of the engine was, at most, concurring or succeeding negligence, which failed to prevent the natural consequences of plaintiff's carelessness, but was not of itself such negligence as would render defendant liable. Ordinary care required that he be alert in the use of his senses of sight and hearing to guard himself from harm, and no reliance on the exercise of care by persons in control of engines or trains can excuse his failure to exercise such care. The plaintiff had been long and constantly familiar with the conditions there existing. There is no claim that defendant's servants saw him and ran him down wantonly and reck-

lessly. He was walking, not upon, but beside the track, and presumed to be conscious of his situation and mindful of his safety. This, and other courts, have dealt so fully and conclusively with every principle of law here presented for consideration, that further elaboration is felt to be unnecessary. Missouri Pacific Ry. Co. v. Moseley, 6 C. C. A. 641, 57 Fed. 921; Kansas City, Ft. S. & M. R. Co. v. Cook, 13 C. C. A. 364, 66 Fed. 115, 28 L. R. A. 181; Garlich v. Northern Pac. Ry. Co., 67 C. C. A. 237, 131 Fed. 837; St. Louis & S. F. R. Co. v. Summers, 97 C. C. A. 328, 173 Fed. 358; Hart v. Northern Pac. Ry. Co., 116 C. C. A. 12, 196 Fed. 180.

The judgment must be affirmed; and it is so ordered.