LAND, J.
On January 4, 1919, the plaintiff instituted this suit, alleging that “Morgan’s Louisiana & Texas Railroad & Steamship Company” was indebted to him in the sum of $15,450, for certain personal injuries received by him, and caused by his being run over on the tracks of said company by a freight car, while a flying switch was being made negligently and unnecessarily.
The date of the accident is fixed in the petition as August 27, 1918.
Plaintiff prays for citation upon “Morgan’s Louisiana & Texas Railroad,” omitting “& Steamship Company,” and upon the “Director General of Railroads conjointly with defendant company,” and for judgment “against Morgan’s Louisiana & Texas Railroad, through said United States Director General.”
On January 15, 1919, William G. McAdoo, Director General of Railroads, and Morgan’s Louisiana & Texas Railroad & Steamship Company, filed a joint motion, in which it is suggested that defendant railroad had been placed under federal control since December 26, 1917, by virtue of the proclamation of the President of the United States (U. S. Comp. St. § 1974a) taking over the various railroad systems of the United States and the property appurtenant thereto; .that by act of Congress approved March 21, 1918 (U. S. Comp. St. 1918, U. S. Comp. St. Ann. Supp. 1919, §§ 3115%.a-3115%p), further provision had been made for the operation of said rail *186 road systems and the property of same; and that on October 28, 1918, by General Order No. 50, issued by William G. McAdoo, Director General of Railroads, it was ordered that, in all suits based on ahy alleged cause of action arising since December 31, 1917, William G. McAdoo, Director General of Railroads, should be substituted as party defendant for the carrier corporation and that the carrier corporation should be dismissed from said suits.
Movers prayed that plaintiff he ordered to show cause why William G. McAdoo, Director General of Railroads, should not be substituted as party defendant in the place qf Morgan’s Louisiana & Texas Railroad & Steamship Company, “misnamed and cited as the Morgan’s Louisiana & Texas Railroad,” and why said Morgan’s Louisiana & Texas Railroad & Steamship Company should not be dismissed from said suit.
Plaintiff filed an answer to this rule, resisting the substitution of the Director General of Railroads as party defendant, on the ground that General Order No. 50 was in contravention of plaintiff’s statutory rights to obtain judgment against defendant railroad company, and to have same recorded and enforced against its property, as said rights belonged exclusively to the states and the people thereof, and that, therefore, said General Order was ineffective and void.
After hearing on this motion, or rule, the trial judge dismissed same, and ordered defendant company to answer the demand of plaintiff, counsel for defendant company reserving, at the time, a bill of exceptions to the ruling of the court.
Defendant company, reserving the benefit of its motion to dismiss, then filed a special exception, and an exception of no right or pause of action in the same pleading. The special exception is básed upon the contention that said company is not in any wise responsible to plaintiff in damages, as said accident had occurred while its property and its trains were under control and operation by the federal government, and had been placed there by emergency, wartime legislation, without its consent. The trial judge maintained the exception of no cause of action and, in the same judgment, overruled the special exception pleaded by defendant company. Plaintiff has appealed from this judgment.
William G. McAdoo having ceased to hold the office of Director General of Railroads, his successor, James C. Davis, was made party defendant, in his place and stead, on May 18, 1923, by the order of this court.
The appeal in this case has been answered by Morgan’s Louisiana & Texas Railroad & Steamship Company, and by James C. Davis, Director General of Railroads, suggesting as erroneous the judgment of the district court dismissing defendant company’s rule to show cause why said company should not be dismissed from this suit and the Director General of Railroads substituted as party defendant, and also that part of the judgment maintaining the exception of no cause 'of action, in so far as it overrules the special exception of defendant company as to its non-liability to plaintiff for damages.
Defendants pray that the judgment of the lower court as to the rule be reversed, and that said rule be made absolute, or, in the alternative, that the special exception filed by defendant be sustained, or, in the alternative, that, the judgment appealed from, sustaining the exception of no cause of action, be affirmed.
The prayer of plaintiff’s petition in this case is for judgment against defendant railroad company. /
General Order No. 50-A, of date January 11, 1919, amending General Order No. 50, issued October 28, 1918, provides that:
“Actions at law * * * for injury to person, arising since December 31, 1917, and growing out of the possession, use, control, or operation of any railroad by the Director General *188 of Railroads, which action, suit, or proceeding but for federal control might have been brought against the carrier company, shall be brought against the Director General of Railroads, and not otherwise.”
It is also provided in said order that:
“The pleadings in all such actions at law * * * now pending against any carrier company for a cause of action arising since December 31, 1917, may on application be amended by substituting the Director General of Railroads for the carrier company as party defendant and dismissing1 the company therefrom.”
It is well settled that no liability arising out of the operation of railroads by the Director General, under the Federal Control Act of March 21, 1918, was imposed by the common) law upon the owner companies, since their interest in and control of the railroads were completely suspended. Missouri Pacific Railroad Co. v. Ault, 256 U. S. 554, 41 Sup. Ct. 593, 65 L. Ed. 1087; Northern P. R. Co. v. North Dakota, 250 U. S. 135, 148, 39 Sup. Ct. 502, 63 L. Ed. 897, 902; Vernon v. Illinois Cent. R. Co., 154 La. 370, 97 South. 493.
In the first of the above-cited cases it was held:
“As the Federal Control Act did not impose any liability upon the companies on any cause of action arising out of the operation of their systems of transportation by the government, the provision in Order No. 50, authorizing, the -substitution of the Director General as defendant in suits then pending, was within his power; the application of the Missouri Pacific Railroad. Company that it be dismissed from this action should have been granted; and the judgment against it should, therefore, be reversed.” 256 U. S. 562, 41 Sup. Ct. 596, 65 L. Ed. p. 1091.
The judgment of the district court overruling the motion of defendant company and of the Director General to dismiss this suit against said company, and to substitute the Director General of Railroads as party defendant, was therefore erroneous. The overruling of the special exception of defendant company as to its nonliability in damages to plaintiff was likewise erroneous,-and both of said judgments should be reversed.
We have reached the conclusion, however, that the exception of no cause of action was correctly sustained by the lower court.
The plaintiff, in the full possession of his physical senses, was walking on the tracks of .defendant company in broad daylight. The accident did not occur at a public crossing,' but several hundred yards east of Baldwin station.
A flying switch was made by defendant company, and one of the detached freight cars struck and ran over plaintiff from the rear. He charges that there was no necessity for making this switch in this manner, that it was negligently made, and that no brakeman was stationed on the rear end of the freight car to arrest its progress, or to warn any pedestrian of its approach.
He alleges that at the time of the accident he and a companion were walking east on the main or north track, and that they were within 20 feet of a freight train, running east on the south track, and making, at the time, a great deal of noise.
He alleges, also, that, under the rules of defendant company, trains are not allowed to run toward the east on the north track at the place where petitioner was injured, but are required by the rules to run west on said north track, and that petitioner did not think that these rules would be violated at the time of the accident.
Plaintiff seems to rely in this case entirely upon the vigilance of defendant company’s employees for his protection, although he voluntarily chose to walk on the track of defendant company, a place of known danger, without taking any precaution for his own safety. It is not pretended that plaintiff looked at any time in his rear for the approach of a train, or gave himself any concern as to the danger to which he had subjected himself.
*190 Plaintiff was clearly a trespasser, in the full possession of his senses, and was, therefore, in a position up to the very moment the freight car struck him, to have avoided the accident, by stepping off the track, if he had exercised any diligence at all in keeping a proper lookout. His negligence, therefore, continued down to the moment of the accident, contributed to it, and is, therefore, a bar to his recovery, even if the negligence of defendant company had been concurrent. Castile v. O’Keefe, 138 La. 479, 70 South. 481; Chargois v. M. L. & T. P. R. R. & S. S. Co., 148 La. 637, 638, 87 South. 499; Woods v. Longville Lumber Co., 141 La. 267, 74 South. 990.
“A person who walks on a railroad track and is struck by a train which approaches him from behind, which he fails to see, is guilty of such contributory negligence as will bar recovery.” Hickett v. New York & S. B. R. Co., 10 N. Y. St. Rep. 398, 41 Cent. Dig. 3086, par. (v).
“It is negligence for a person to be upon the track of a railroad, without keeping watch both ways for trains, or to go upon a railroad track without looking and listening for the approach of trains.” Den. & R. G. R. Co. v. Ryan, 17 Colo. 98, 28 Pac. 79, Cent. Dig. 3107, par. (f).
A railroad track is, of itself, warning of danger, and imposes upon a licensee or trespasser walking between the rails the duty to vigilantly look and listen for the approaching trains from the rear, as well as from the front. Thompson on Negligence, vol. VIII, par. 1170, 33 Cyc. Railroads, p. 924.
The track of an operated railroad is recognized by the law as a place of danger, and ordinary care requires the person going upon such track to be alert in the use of his senses of sight and hearing. He cannot rely, as an excuse for his failure to exercise such care, upon the exercise of care by persons in control of the trains. If noises obstruct the use of his senses, ordinary reasonable care calls for proportionately increased vigilance. Garlich v. Northern Pac. Ry. Co., 131 Fed. 837, 67 C. C. A. 237; 33 Cyc. “Railroads,” 836, 837.
Nor can a trespasser upon the tracks of a railroad rely upon the rules of the company as to the operation of its trains, as an excuse for his failure to exercise due vigilance in keeping a proper lookout.
“The practice of a railroad to run northbound trains upon a particular track only, and south-bound, upon another track parallel to it, will not excuse one who walks upon one, of such tracks from the. duty of looking in both directions for approaching trains.” L. S. & M. R. Co. v. Hart, 87 Ill. 529.
“That the train was running on a track usually u?ed for trains going in the opposite direction Roes not relieve the person injured from contributory negligence in walking on the track.” 33 Cyc. p. 827; Stearman v. Baltimore, etc., R. Co., 6 App. D. C. 46.
A railroad company owning double tracks may, without notice to the public, operate its trains against the customary current of traffic without being deemed negligent.
Dyerson v. Union Pacific R. Co., 74 Kan. 528, 87 Pac. 680, 7 L. R. A. (N. S.) 132, 11 Ann. Cas. p. 208, notes; L. S. & M. S. R. Co. v. Hart, 87 Ill. 529.
It is, therefore, ordered that the judgment overruling defendant company’s special plea as to nonliability in damages to plaintiff, and the judgment dismissing the rule of defendant company and of the Director General, be annulled and set aside. It is further ordered that the judgment appealed from by plaintiff, sustaining the exception of no cause of' action be affirmed, and that plaintiff’s suit be dismissed, at his cost.