Mrs. Clothilde M. Haydel, widow of Edwin J. Oubre, Jr., brought this suit on her own behalf and for the use and benefit of her two minor children, Mary Ann Oubre and Joyclyn C. Oubre, issue of her marriage with her said deceased husband. She seeks recovery for the death of her said husband, father of the two minors, naming as defendants the Carondelet Building, Inc., and National Casualty Company, alleging that the latter is the liability insurance carrier of the former, and that the said Oubre met his death by falling from a twelfth floor window of the Carondelet Building, a large office building in New Orleans, owned, maintained and operated by Carondelet Building, Inc., and that the said building was "defectively constructed from the standpoint of both architectural and engineering requirements," in that the window sills were dangerously low. She also alleges that in spite of this, "this window had no protecting bar across the window opening."
Defendants filed exception of no cause of action, contending that the petition itself shows that the accident resulted from the negligence of Oubre, a man in the complete possession of all of his faculties, in deliberately seating himself in such a window without taking care to avoid falling out of it.
From a judgment maintaining the exception and dismissing the suit, plaintiff for herself and her children has appealed.
The first contention is that a defense of contributory negligence may not be raised on an exception of no cause of action but must be expressly made by setting forth the alleged facts on which it *Page 294 
is based, and the second contention is that even if such a defense may be considered on an exception of no cause of action, the allegations of the petition do not show that plaintiff's husband must necessarily have been guilty of negligence causing or contributing to his death.
The first contention that the defense of contributory negligence cannot be raised by exception finds no support in our jurisprudence. On the contrary, it is well settled that although ordinarily a plea of contributory negligence is a special defense which must be interposed by a defendant and supported by evidence, such an issue may, and, in fact, should be raised by an exception of no cause of action when the facts alleged by plaintiff affirmatively show such negligence.
The following quotation is taken from Louisiana Power Light Co. v. Saia et al., 188 La. 358, 177 So. 238:
"The plaintiff contends that the plea of contributory negligence is one that must be interposed by the defendants and supported by evidence to show that plaintiff was guilty of contributory negligence. This is unquestionably the usual rule or procedure, but where the plaintiff alleges facts affirmatively showing that he was guilty of contributory negligence, the defendant may raise the issue by exceptions of no right or cause of action. Arbo v. Schulze et al., La.App., 173 So. 560; Sizemore v. Yazoo M.V.R. Co., La.App., 164 So. 648; Flotte v. Thomas Egan's Sons, Inc., [18 La.App. 116], 134 So. 428; Gibbs v. Illinois C.R. Co., 169 La. 450, 125 So. 445; Vappi v. Morgan's Louisiana T.R. S.S. Co. et al., 155 La. 183, 99 So. 31; Chargois v. Morgan's Louisiana T.R. S.S. Co., 148 La. 637, 87 So. 499. See, also, Aymond v. Western Union Tel. Co.,151 La. 184, 91 So. 671, and 20 R.C.L. 182."
There can be no doubt that the exact question presented by this first contention is answered in the above quoted language.
If we accept as true every allegation of plaintiff, we find an unsurmountable obstacle to recovery in the contributory negligence of Oubre, himself. If it is true that the window sills in that building are dangerously low and that they should have been protected by bars, we have only reached the first step necessary in permitting recovery for we have only found that there was negligence on the part of the owners of the building. In order to permit recovery it is necessary to find not only that there was negligence but that the negligence was the proximate cause of the accident, and that the person who was killed was not himself guilty of negligence without which the accident would not have occurred.
In view of plaintiff's allegation that this is one of the oldest office buildings in New Orleans, we find it difficult to believe that the design of the building in the particulars referred to is as extremely dangerous as plaintiff thinks it is. For if it is, surely other similar accidents would have occurred in the many years in which the building has been in use.
But even if we accept as true the charge that the windows are extremely dangerous as we have said, there can be no recovery unless the accident resulted from that danger. Oubre did not fall through the window as the result of accidental stumbling against something, and then falling through it because the sill was too low to protect him. He deliberately and intentionally took his seat in the window and thus exposed himself, willfully, to the danger of falling. The petition so alleges. What mattered it that the window sill was only 22 or 24 inches from the floor? He knew that when he sat in it. Suppose it had been 29, or 30 or 36 inches high — if he saw and knew how high it was or how low it was, and deliberately sat in it, we cannot see that this elevation, or lack of elevation had any connection whatever with the subsequent fall. The proximate cause of Oubre's unfortunate fall was not the fact that the window sill was low, but was the fact that he, knowingly and carelessly, exposed himself to an obvious danger.
The judgment appealed from is affirmed at the cost of appellant.
Affirmed. *Page 295