### No. 11,622.

EDWARD SMITH VS. THE CRESCENT CITY RAILROAD COMPANY.

One who, in the night-time especially, and of his own choice, walks on the track of a street car, with the full knowledge the car may come at any moment behind him, is bound to use his senses to avoid the car; and if by the exercise of ordinary care he would have been apprised of the advancing cars in ample time to leave the track, and fails to do so, he can not recover damages if run over, it not being practicable, with any reasonable diligence, for the driver to avoid the accident.  1 Harris on Damages by Corporations, Secs. 220, 260; 1 Thompson on Negligence, 449; Schexnaydre case, 46 An. 248.

APPEAL from the Civil District Court for the Parish of Orleans.
Rightor, J.

*Gilmore & Baldwin* for Plaintiff, Appellee.

*John M. Bonner* for Defendants, Appellants.

Argued and submitted March 12, 1895.
Opinion handed down April 22, 1895.

The opinion of the court was delivered by

MILLER, J. The defendant appeals from the judgment following the verdict of a jury for five thousand dollars damages, caused, it is alleged, by the negligence of defendant's driver in running over plaintiff, the wheels of the car crushing his left leg, rendering amputation necessary.

The accident was on Sunday morning, about 4 o'clock, while it was yet dark. The plaintiff's account is that he was walking on and up the track used by the cars in ascending Magazine street; that, without warning, the car came on him, the dash-board coming in contact with his back, knocking him down, and his left leg was crushed under the wheels. The down track of the cars is alongside of the ascending track, on which the defendant, by his own account, was walking. There are no sidewalks on that street where the accident occurred, and, in testimony and argument, this is urged as the reason why plaintiff was on the track.

The plaintiff's statement places him on the track, walking in the same direction as that of the ascending car, his back toward it, and with the full knowledge, as the testimony shows, that it was about the time of its approach; this position, too, is of choice, on his part, for he could have walked on the track adjoining, on which the descending car would have come toward, and not behind him. In this position plaintiff neither looked behind nor heard the noise of the advancing car, nor saw the car mule that passed him before he was struck. At that hour of the morning there were no sounds to prevent any man using his senses hearing a car behind him. It is a neighborhood not in proximity to markets or resorts for people, but devoted to dwellings. With nothing to interfere with his hearing or sight if he had chosen to look, the plaintiff had no consciousness that the car was near, nor of the mule by his side,

until struck in the back and thrown on the track. His inattention is more impressive from the fact he had parted with a companion a square or so below where the accident occurred, and knew his companion was waiting for the up car then expected, and that car under the wheels of which he, the plaintiff, permitted his leg to be crushed. He thus knew that the car might come along at any moment behind him, as it did.

The street car must run at night and on dark nights. If the defendant had been seen on the track, the driver might well have assumed he would get out of the way. It is not exacted the car shall be stopped because a man is ahead on the track; the reasonable expectation is, that the pedestrian using his faculties will heed the approach of the car and leave the track. Schexnaydre vs. Railroad Company, 46 An. 248. We find no basis to attribute negligence to the driver for not stopping his car, not exacted except under extraordinary circumstances, none of which are present in this case. Nor do we perceive any ground to impute such negligence, because it is claimed the driver was conversing with a passenger. It was obligatory on plaintiff in the position he placed himself to exercise prudence for the avoidance of the coming car behind him; it is the inevitable conclusion that with ordinary care he could have heard the noise of the mule with tinkling bells, and of car and mule moving over a plank road, and easily, with ample notice, have left the track, escaping all danger. His neglect is overshadowing and leaves no room to consider other asserted causes of his trouble. So much for the case on plaintiff's own showing, even if it could be accepted.

But there is another aspect of the testimony. The plaintiff spent the night preceding the accident in a beer garden. The police officer found him asleep on a bench and awakened him a short time before he started home walking the track. He was not seen walking the track by the driver or passenger on the platform of the car, nor was there any outcry, apt to occur if the plaintiff had been knocked down by the car, yet there were passengers in the car as well as the driver and passenger in front, all apt, if not certain, to hear the natural shriek or exclamation from one walking the track struck by the car. All this indicates to our minds that plaintiff was not walking. There was grass on the side of the track pressed down as if laid upon, plaintiff testifies, caused by his rolling after his leg was crushed, not probable, to say the least. We are inclined to think

the beer garden, the potations of plaintiff there, true, not enough, it is claimed, to affect him, the weariness of a man going home in the early morning after a night thus spent and after he was disturbed in his sleep on the bench, had their connection with the accident. We find it difficult to account for the accident if the plaintiff had his senses, and a natural solution is his sleep on the bench was renewed on the track. In every aspect we find no basis for the verdict.

It is therefore ordered, adjudged and decreed that the judgment of the lower court be annulled, avoided and reversed, and that plaintiff pay costs.