and defined subdivisions of the state, and has classed drainage and subdrainage districts among them.

In accordance with the authority conferred by these several acts and the Constitution, the governing authorities of Vermilion parish organized the Seventh ward drainage district, and subsequently organized a subdrainage district within that district.

The only illegality charged by defendant against any of these proceedings is that the forced contributions and taxes, levied and imposed to meet the payment of the interest and principal of the bonds bought by it, were not levied and imposed throughout the entire Seventh ward drainage district; in other words, that the forced contributions and taxes were not levied and imposed upon property within subdrainage district No. 1, while they were imposed upon property in the balance of the Seventh ward drainage district, which rendered the tax unequal and not uniform, contrary to article 225 of the Constitution; but article 281, before referred to, gives to governing authorities the right to levy forced contributions and taxes in certain districts or subdistricts, which require levying and pumping for drainage purposes, and this appears to have been done in the Seventh ward drainage district of Vermilion parish.

Defendant has not argued against the validity of article 281; and it has not argued or shown that article 281 has not been complied with.

We fail to appreciate defendant's second objection that the bonds are not the bonds of the district. One of the bonds is copied in the transcript, and it is headed, "Seventh ward drainage district of the parish of Vermilion, state of Louisiana;" and in the body thereof it is declared to be a bond of that drainage district, "exclusive of subdrainage district No. 1 of said drainage district." The objection is without merit.

Judgment affirmed.

(66 South. 187)

No. 20695.

## STATE v. VAUTHIER.

(June 29, 1914.)

*(Syllabus by the Court.)*

CRIMINAL LAW (§ 1086*)—APPEAL — TRANSCRIPT.

Police jury ordinances which define offenses and provide penalties for their commission must be offered in evidence in the district court and embraced in the transcript filed in this court.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2736–2769, 2770, 2772, 2794; Dec. Dig. § 1086.*]

Appeal from Ninteenth Judicial District Court, Parish of St. Martin; James Simon, Judge.

L. C. Vauthier was indicted for unlawfully harboring a dog, and from a judgment of not guilty, the State appeals. Affirmed.

R. G. Pleasant, Atty. Gen., and E. Vuillemot, Dist. Atty., of St. Martinville (G. A. Gondran, of New Orleans, of counsel), for the State.

SOMMERVILLE, J. The state appeals from a judgment declaring the defendant to be not guilty, under an ordinance of the parish of St. Martin which appears to provide for the alleged offense of unlawfully having and harboring a dog.

The trial court held that Act No. 198 of 1910, page 334, which "authorizes the police juries throughout the state of Louisiana to impose a license tax upon dogs, to enforce the same by penalties, and, to devote the proceeds of said licenses to education," etc., was unconstitutional, null, and void.

The state argues that the act referred to is a police regulation, and that it is not to be interpreted by the principles of taxation and the rules of construction applicable thereto, and argues further that the act is valid.

The pleadings do not disclose that the constitutionality of the act was drawn in ques-

tion on the trial, although the trial judge based his judgment on its unconstitutionality.

The record does not disclose what defense was urged by defendant; and it does not contain the ordinance of the police jury relied upon by plaintiff, and which was said to have been violated by the defendant. It is impossible to pass upon the law of the case without the ordinance of the police jury before us.

It would appear from the argument by the state that the missing ordinance makes the keeping of a dog without the payment of a license an indictable offense. If this is so, then the ordinance goes beyond the terms of Act No. 198, which act does not declare the keeping of dogs without the payment of licenses a misdemeanor, or crime.

Judgment affirmed.