(89 South. 309)

No. 23966.

## BRIDGES v. KINDER & N. W. R. R. et al.

(June 15, 1921.   Rehearing Denied June 30, 1921.)

*(Syllabus by Editorial Staff.)*

**Railroads** ⊚═362(2)—**Injury by backing cars equipped with lantern held not actionable.**

Where plaintiff's decedent was killed by a train of cars pushed by a locomotive, and there was evidence tending to show that he had been run over while lying on the track in a drunken stupor, there could be no recovery for wrongful death, notwithstanding the train was operated with only an ordinary railroad lantern on the first car.

Appeal from Fifteenth Judicial District Court, Parish of Allen; Winston Overton, Judge.

Action by Mrs. Harriet Mabel Bridges, individually and as tutrix, against the Kinder & Northwestern Railroad and others, to recover for wrongful death. Judgment for defendants, and plaintiff appeals. Affirmed.

R. Lee Garland and Dudley L. Guilbeau, both of Opelousas, and Mark C. Pickel (John W. Lewis, of Opelousas, of counsel), for appellant.

Pujo, Liskow & Martin, of Lake Charles, for appellees.

PROVOSTY, J.   Defendant is a railroad corporation, but all its stock is owned by the Peavy-Byrnes Lumber Company, a sawmill concern, to which in reality it is a mere adjunct. It owns no cars, as we understand, but only a locomotive and a motor car. It carries freight, but no express matter, and carries passengers only in the motor car. Its road runs from the sawmill to the town of Kinder, a distance of 1¾ miles. The track is paralleled by a public road and a path, but is extensively used by pedestrians—to a greater extent, as we gather, than the path and road. Plaintiff's husband was run over by a train and killed, and this suit is in damages for his death. The defense is absence of negligence on the part of the defendant; also contributory negligence on the part of the decedent. But the latter defense may be left out of consideration, since the evidence as a whole leaves little or no doubt that he was run over while lying in a drunken stupor on the track. When last seen at about 2 o'clock in the day he had been drinking, and had in his possession a carton containing two quart bottles of whisky; and when his body was found one of the bottles lay near him, half emptied, and the other was gone. This was between 8:30 and 9 o'clock at night. The train which ran over him was going to Kinder. The locomotive was pushing some 10 box cars, loaded with lumber. On the top of the front box car was a brakeman with an ordinary railroad lantern, and there was no other headlight. The light of this lantern did not extend more than about 10 feet ahead. The train was going 7 or 8 miles an hour. The brakeman saw an object on the track, but too late even to signal to the engineer, and knew that they had run over this object, but thought it was a hog. The mode of operating was always for the locomotive to push the cars in going to Kinder, and to back in returning to the mill. On the night in question it returned to the mill in that way, and without any cars attached. It passed a second time over the decedent, living or already dead and this time, in the glare of the headlight, the engineer saw the body on the track. The two legs had been cut off, one near the trunk, the other below the knee, and lay outside of the track, about 20 feet from the rest of the body, which was

between the rails. The body was dust-covered and much bruised. Decedent lived at the mill, and was returning home, after an absence of some days in search of employment. He was not a drunkard, but would drink too much occasionally, and had been discharged both by the Peavy-Byrnes Lumber Company and by a lumber company in Texas on account of his drinking, which did not comport with his line of work of saw-filing—a kind of work requiring a clear eye and a steady and precise hand.

The negligence attributed to the defendant is in having operated this train without a sufficient headlight, although the constant use of the track by pedestrians was known.

The evidence shows that the train had been run in that same way for eight years without any accident. The road can hardly be said to have been anything more than a sawmill facility. The headlight of the locomotive flared out on both sides of the box car against which it struck, and it and the lantern of the brakeman and the noise of the moving train gave full notice of the approach of the train to any one on the track (considering the speed was only 7 or 8 miles an hour), unless to some one bereft of the faculties of sight and hearing, as the unfortunate decedent happened to be on that occasion. The place was out in the woods, not near any populous center. Under these circumstances the responsibility for what happened must remain with the unfortunate decedent alone. What was said by this court in the case of Gilliam v. Texas & Pacific R. R. Co., 114 La. 272, 38 South. 166, applies even more clearly to the present case. The learned trial judge, founding himself upon that case, and upon that of Fils v. Iberia, St. M. & E. R. Co., 145 La. 544, 82 South. 697, dismissed the suit.

Judgment affirmed.

SOMMERVILLE, J., takes no part.