No. 2360
Second Circuit

## JOHN S. WILLIAMS v. ANSE WINDHAM

(December 1, 1925, Opinion and Decree.)

*(Syllabus by the Editor.)*

1. **Louisiana Digest—Animals—Par. 10.**

Where one allows his cattle to roam at large and consume and damage the crops of another he is responsible in damages if there is a law requiring cattle to be enclosed within a fence.

2. **Louisiana Digest—Evidence—Par. 11, 13, 14.**

Courts take judicial notice of the Constitution of the United States and of the public statutes passed by Congress as well as of the Constitutions and public statutes of the different states but do not take judicial cognizance of municipal and parochial ordinances.

3. **Louisiana Digest—Appeal—Par. 729.**

Parol evidence is not admissible to prove the provisions of a parochial ordinance, and where such ordinance was not of-

fered in evidence, the case will be remanded for the introduction of such ordinance.

(Civil Code, Article 2315.   Editor's note.)

Appeal from Sixth Judicial District Court of Louisiana, Parish of Ouachita, Hon. Percy Sandel, Judge.

This is a suit for damages.  Plaintiff owns land in the Parish of Ouachita and in the year 1924, he planted one-half acre of watermelons, two acres in cantaloupes, and one acre in corn.  He alleges that during the month of July, that year, the cattle belonging to defendant were unlawfully permitted to roam at large and depredated upon his land and crops, totally destroying his watermelons, cantaloupes and corn, all worth $400.00.  He brings this suit to recover that amount.

In answer, defendant denied each and every allegation of plaintiff's petition.

There was judgment in the district court in favor of plaintiff for $190.00 from which judgment defendant has appealed.

Case remanded to the district court for the purpose of permitting plaintiff to prove, if he can, that defendant's cattle were unlawfully permitted to roam at large.

L. F. Grisby, of Monroe, attorney for plaintiff, appellee.

McHenry, Montgomery, Lampkin and Lampkin, of Monroe, attorneys for defendant, appellant.

## OPINION.

ODOM, J.   The testimony makes it perfectly clear that defendant's cattle destroyed plaintiff's watermelons, cantaloupes and corn.

Defendant contends that other cattle than his depredated on plaintiff's crops and that there is no way to determine that his cattle did all the damage.  He points out that on two different occasions other cattle were found an plaintiff's premises.

On July 4, 1924, plaintiff, or someone for him, penned some cattle and sent defendant word to come and get them; and the testimony shows that it developed on this occasion only one of defendant's cows was in that bunch.  And on another occasion it seems that plaintiff penned cattle of other people along with defendant's.   But it is not shown just what damage was done to the crops on July 4th nor on the other dates when plaintiff penned cattle other than those of defendant.  Nor is it shown that the cattle of others actually depredated on plaintiff's crops.  But the testimony is overwhelming that defendant's cattle did eat, trample upon and otherwise destroy plaintiff's crops.  All of the witnesses who testified said that it was defendant's cattle which destroyed the crops.  It is not denied that defendant's cattle were running at large at least at times.  He kept them up a portion of the time but they were seen by various persons not only on plaintiff's premises but at other points in the neighborhood.

But counsel for defendant seriously contend that if the court should find that defendant's cattle destroyed plaintiff's crops no judgment can be rendered for plaintiff for the reason that no proof was offered as to the actual value of the crops at the time they were destroyed, it being conceded that the measure of damages for the destruction of growing crops is the value thereof at the time they were destroyed.

We do not agree with counsel that plaintiff made no proof of the value of his crops at the time they were destroyed. On the contrary, we think plaintiff did establish the value of his crops at least to the extent found by the district judge.

The leading case cited by counsel for defendant, is that of Boudreaux vs. Thibadeaux, 149 La. 400, 89 South. 250.  But in that case plaintiff sued for the profits on a crop which he did not grow.  He was prevented from making a crop on the land on account of having been enjoined and

prohibited from going on the land. Plaintiff intended to make a crop but did not do so. The injunction was dissolved, but said the court:

"It had deprived plaintiff of the opportunity to make his intended crop of cotton and corn and plaintiff seeks now to recover by way of damages the profits he would have realized if he had not been prevented by the injunction from making the crop."

And the court held that the profits in question were altogether too uncertain to serve as a basis for judgment.

The other case cited by defendant on this point, is that of Chicago, Rock Island & Pacific R. R. Co. vs. H. C. Johnson, decided by the Supreme Court of Oklahoma, and reported in 25 Okla. 760, 107 Pac. 662 (27 L. R. A., N. S. 879), where the court said with reference to the method of arriving at the value of growing crops:

"It does not appear, however, that witnesses testified as to the value, such estimates being based on the average yield and market value of crops of the same kind planted and cared for in the same manner in the same community, less the cost of marketing, harvesting, and maturing, and also by stating what the crops would have brought in their matured state at a sale in that community. Such was permissible by the authorities cited from the courts of Texas, Minnesota, New York, Arkansas and Colorado, and seemed also to be in accordance with the great weight of authority."

In the body of the opinion the court, in the last cited case, cites and quotes from the decisions of many courts showing that the method of arriving at the value of a growing crop pursued in the case at bar is the correct method. In the case at bar the crops were not matured but they had advanced to a point where but little if any more cultivation was needed in order to mature them. The corn was in silk and tassel, the melons were formed and were of considerable size, some of the witnesses having counted them. No more expense was needed in order to mature them. Testimony was adduced showing that other crops of melons in the same community grown under similar circumstances produced certain quantities of melons and sold for certain amounts. One witness who had a less quantity of land than did plaintiff and where melons were cultivated and handled practically as were those of plaintiff sold his melons for $219.00. It was shown also that the corn had advanced to a stage where it would make good hay at the time it was destroyed and one witness estimated that the one acre would have produced two or three tons of hay worth probably $30.00 per ton. The testimony abundantly shows that the crops had a substantial value at the time they were destroyed. Just what it would have cost to market the crops if they had matured is not shown, but we have no doubt that the district judge took into consideration that it would cost something to market them and considered that fact in arriving at his conclusion that plaintiff was entitled to recover $190.00.

We think the court's judgment in fixing the amount of damages at that figure is eminently correct, and we would have no hesitancy in affirming the judgment on the point. But the most serious point raised by defendant is that plaintiff did not prove that defendant unlawfully allowed his cattle to roam at large.

Plaintiff alleged that defendant permitted his cattle to roam at large and depredate upon his land and crops and alleges that in the early part of the year 1924 the Police Jury of Ouachita parish adopted an ordinance making it unlawful for owners of cattle to permit them to be at large, but he did not make any proof of the ordinance nor did he offer it in evidence.

Defendant urges the point that court cannot take judicial cognizance of ordinances

of Police Juries. We are of the opinion that the point is well taken. It is well recognized that courts take judicial notice of the constitution of the United States and of the public statutes passed by Congress as well as of the constitution and publiĉ statutes of the different states; and it is equally well settled by the jurisprudence of this state that our courts, except municipal courts, do not take judicial notice of municipal ordinances and laws.

We think it was incumbent on plaintiff to prove, if he could, that cattle were not legally permitted to roam at large in Ouachita parish and that the court was not warranted under the law in taking judicial notice of an ordinance of the Police Jury not introduced nor filed.

If an ordinance had been passed prohibiting owners of cattle from allowing them to roam at large plaintiff should have proved the ordinance and should have filed and introduced it in evidence. Parochial ordinances are in the class with municipal ordinances. They are not general laws of which courts may take judicial notice.

In the case of McInery vs. City of Denver, 17 Colo. 302, 29 Pac. 516, the court said:

"An ordinance is not in the constitutional sense a public law. It is a mere local rule or by-law, a police or domestic regulation devoid in many respects of the characteristics of the public or general law."

In that case the court had under consideration a municipal ordinance, but the same may be said of parochial ordinances.

In 16 Cyc. 892, under the general topic of "Evidence", we find the following:

"But it has been held that courts cannot unless required by statute take judicial notice of the adoption of a general law by the voters of cities, counties, towns or villages, unless according to some of the cases the statute relates to the functions of government."

In 23 Corpus Juris, 137, we find the following:

"An order of a board of county commissioners made pursuant to statute authority is a matter of which courts in that county will not take notice unless it is proved as other facts must be proved."

And in 3 Corpus Juris, 147, under the general heading of "Animals", we find the following:

"The court cannot take judicial notice as to whether a protection fence sufficient to restrain and enclose sheep will also restrain and enclose hogs, nor of an order by the board of commissioners permitting domestic animals to run at large; this fact must be shown like any other fact, and unless proved it will be assumed that no such order has been made."

And, under the same heading, "Animals", on page 147, we find the following under the sub-heading "Burden of Proof":

"In order for plaintiff to recover he must prove that he was the owner of the land in controversy to the extent of showing a right paramount to any right of defendant; that his crop and land were damaged by trespassing cattle; that the cattle were owned by or under the control of defendant, and in case of trepass by animals at large, whether or not the stock law was in force."

In the case of State vs. Vauthier, 135 La. 766, 66 South. 187, the syllabus, which was written by the court, is as follows:

"Police Jury ordinances which define offenses and provide penalties for their commission must be offered in evidence in the district court and embraced in the transcript filed in this court."

In Grider vs. Talley, 77 Ala. 422 (54 Am. Rep. 65) it was held that the court would not take judicial notice that a prohibition election had been held or the result thereof.

In State vs. Burkett, 31 Miss. 301 (55 Sou. 689), the defendants were indicted

for failing to work the public road, they being under contract to do so. The indictment did not aver that the general law for working public roads by contract was put in operation by a county vote, and the court said:

"The demurrer to the indictment was properly sustained. There is no averment that the general law for working public roads by contract was put in operation in Carroll county by vote and courts cannot judicially know that it was done."

In Gilmore vs. Fish, 33 Sou. 171 (Miss.), the court announced the same principle and cited many cases in support of its decision.

In the case of Bryant vs. State, 65 Miss. 435, 4 Sou. 343, also a Mississippi case, the court held that:

"A conviction for violating the local option act of Mississippi cannot be sustained when there is no proof that the act has been put in operation in the county wherein it is charged the offense was committed."

And in ex parte Reynolds, 6 Sou. 335, another Mississippi case, it was held that courts will not take judicial cognizance that a certain county has voted for prohibition under a statute authorizing public elections for such purposes.

And in the case of Atkinson vs. Mott, by the Supreme Court of Indiana, 102 Ind. 431, ·(26 N. E. 217), it was held that courts will not take judicial notice of an order made by the county commissioners providing that if domestic animals break into an enclosure or wander on the lands of another the persons injured may recover.

In the case of M. K. & T. Ry. Co. vs. Savage, an Oklahoma case found in 32 Okla. 376, (122 Pacific 656) the syllabus, written by the court, is as follows:

"This court does not take judicial notice of an order of the county commissioners exempting a county or a subdivision thereof from the operation of the general law prohibiting animals from running at large. Where such exemption prevails, it is the duty of the party relying upon such fact to allege and prove the same in order to be relieved of the general effect of the statute."

Our conclusion therefore is that the district court was not warranted in taking judicial notice of the ordinance of the Police Jury prohibiting owners of cattle from permitting them to run at large.

During the trial of the case plaintiff offered to prove by parol that cattle were not permitted to roam at large in that section of the parish and was met by the objection on the part of counsel for defendant that that fact could not be established by parol testimony and that the testimony offered was not the best evidence, which objection was sustained by the court.

The fact that plaintiff attempted to make this proof convinces us that counsel recognized that the burden rested upon plaintiff to show as a matter of fact that cattle were not permitted to roam at large, and we conclude that plaintiff's omission to offer the alleged ordinance in evidence and to make proof thereof was an oversight on his part.

For that reason we think it proper to remand the case to the lower court in order to permit plaintiff to prove, if he can, that cattle were not permitted to roam at large in that vicinity. We are warranted in remanding the case for the reception of such evidence under the various decisions cited in Hennen's 'Digest, volume 1, page 94, et seq., and also in Breaux's Digest under the heading of "Appeal" X (c) page 51.

For the reasons assigned, it is therefore ordered that this case be remanded to the district court and there reinstated on the docket for the purpose of permitting plaintiff to prove, if he can, that defendant's cattle were unlawfully permitted to roam at large. The costs of the appeal to be borne by appellee; all other costs to await the final result.