CRISTIANA v. SIEVERS

(November 3, 1930. Opinion and Decree.)
(December 15, 1930. Rehearing Granted.)
(February 2, 1931. Opinion and Decree on Rehearing.)

Frank H. Langridge, of Gretna, attorney for plaintiff, appellee.

Leo W. McCune, of Gretna, attorney for defendant, appellant.

WESTERFIELD, J. The plaintiff, Ignazio Cristiana, owned and operated a truck farm adjacent to a dairy operated by the defendant, James J. Sievers. Some of the cows belonging to defendant gained entrance to the truck farm of plaintiff and damaged his crops to an extent which he claims amounted to $500, and which the trial court recognized to the extent of $300, awarding him a judgment for that amount.

Liability is denied on the ground that the defendant's place of business was properly fenced, and that the fences were strong enough to confine the cows to defendant's premises, and would have done so but for the fact that the wire of which the fences were constructed had been cut. Pieces of the wire taken from the opening in the fence were exhibited as evidence below, and several persons, apparently expert in that regard, testified that the wire had been cut and not broken, with the result that an admission was finally made to that effect, though there is no testimony as to who did the cutting.

The question before us, therefore, is whether the owner of a dairy is liable for the damage to his neighbor's crops due to the entry of his cows on his neighbor's premises through an opening in a fence which had been cut. It was a comparatively new fence, and the evidence satisfies us that it was of sufficient strength to have prevented the cows from going through it, or trampling it down, but whether new and strong, or old and weak, is immaterial, because the cows did not break through. There is no pretense that defendant was aware of the cut in the fence until after the entry of the cows and the damage to plaintiff's crops. The plaintiff relies upon articles 2316, 2317 and 2321 of the Civil Code. These articles read:

"2316. Every person is responsible for the damage he occasions not merely by his act, but by his negligence, his imprudence, or his want of skill.

"2317. We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody. This, however, is to be understood with the following modifications. * * *

"2321. The owner of an animal is answerable for the damage he has caused; but if the animal had been lost, or had strayed more than a day, he may discharge himself from this responsibility, by abandoning him to the person who has sustained the injury; except where the master has turned loose a dangerous or noxious animal, for then he must pay for all the harm done, without being allowed to make the abandonment."

We are also referred to the cases of McGuire v. Ringrose, 41 La. 1029, 6 So. 895, and Williams v. Windham, 3 La. App. 127.

The authorities relied on are not in point,

for it does not appear that the defendant, or any person for whom he was answerable, was guilty of any negligence. It was not to be expected, nor could the defendant foresee, that some one would cut his fence. He, therefore, cannot be charged with negligence for failure to maintain a sufficient guard over the fence to prevent depredation or vandalism. Gilliam v. Texas C. & R. Co., 114 La. 272, 38 So. 166; Frank Rouseo v. Gauche-Connor Co. et al., 8 Orl. App. 216. In the last cited case it was said:

"Ordinary care requires only that precautions 'be taken against occurrences that can and should be foreseen; but does not require that one should anticipate unusual and improbable, though entirely possible, occurrences." See, also, 17 C. J. Verbo "Damages," sec. 82, p. 751.

Our conclusion is that the defendant is not liable, and the judgment appealed from must be, and it is hereby, reversed, and it is now ordered that there be judgment in favor of the defendant, James J. Sievers, and against the plaintiff, Ignazio Cristiana, dismissing plaintiff's suit at his cost.

### ON REHEARING

HIGGINS, J. This case comes before us on rehearing. It is a suit for $500 damages alleged to have been sustained by the plaintiff as a result of the defendant's cattle breaking through a fence and destroying a considerable portion of the crops growing on the plaintiff's truck farm. The charges of negligence are that the defendant carelessly failed to keep in proper repair the partition fence between the plaintiff's truck farm and the defendant's dairy, and in defendant negligently permitting his cattle to roam upon the plaintiff's truck farm and ruin his crops.

The defense is that the fence was properly constructed and kept in a good state of repair, and that the fence had been wantonly cut by some one, and that the cattle were thus permitted to gain entrance to the plaintiff's property, and therefore the defendant was free from fault.

There was judgment in favor of the plaintiff for the sum of $300, and defendant has appealed.

On the original hearing before this court, we were of the opinion that the judgment of the lower court was erroneous and reversed it on the ground that the record contained an admission by the plaintiff that the fence had been cut, and that as it was not shown that the defendant cut or caused the fence to be cut he was not responsible. No. 13,401 of this docket, 130 So. 661, decided November 3, 1930.

In the application for rehearing our attention was directed to the fact that we had placed a broader interpretation upon the language of the admission of the plaintiff than was intended or contemplated by the parties litigant, the admission merely being that the section of wire produced in court by the defendant showed evidence of having been cut, but that the plaintiff did not admit that the opening through which the cattle had gained entrance to his property had been caused by the cutting of the fence and that the wire was from the fence in question, hence we granted a rehearing.

The matter is now before us on its merits.

It is clear that every person is responsible for the damage he occasions another by his negligence or want of care, and that

the owner of an animal is answerable for such damage that it may cause, where through his negligence and carelessness it strays on another's property. R. C. C. arts. 2315, 2316, 2317, 2321; Williams v. Anse Windham, 3 La. App. 127; McGuire v. Ringrose, 41 La. Ann. 1029, 6 So. 895.

There is no dispute between the parties as to the law applicable, but the question of fact of whether or not defendant was guilty of negligence or carelessness is seriously contested by him.

The record shows that the plaintiff operated a truck farm and the defendant a dairy adjacent to each other. The defendant, some time prior to the alleged trouble, erected, at his own expense, a wire fence of four-inch mesh to the height of forty-eight inches and placed a line or two of barbed wire on the top of it. The plaintiff had planted, on his property, a crop of beans, spinach, corn, and tomatoes, which appears to have been ready for marketing.

On May 25, 1929, at about 9 a. m., two bulls owned by the defendant broke through a portion of the fence and entered the plaintiff's property but were driven back on the defendant's property before any damage was done. The plaintiff notified the defendant of the incident and the defendant and his son repaired the fence at the place where the two animals had trampled it down. In the early morning of May 26, 1929, a number of cattle of the defendant were discovered in the bean, spinach, corn, and tomato patches of the plaintiff's truck farm causing considerable damage. The defendant's son drove the cattle back on the defendant's property, and some time between 5 a. m. and 8:30 a. m. the defendant and his son again repaired the fence.

The plaintiff produced six witnesses, some of whom were related to him, who testified that when they arrived on the scene they found the wire fence intact but pressed or trampled to the ground and the crops considerably damaged because of the cattle trampling them down, eating, and otherwise destroying them.

The defendant produced several witnesses, who testified that when they arrived on the scene they found that the wire fence had been cut, but we note in connection with their testimony that these witnesses did not see the fence until about 10 a. m., and that this was after the defendant and his son had repaired it, and that the defendant and his son admit that they had to cut a portion' of the fence in order to repair it.

The section of the wire fence produced in court undoubtedly shows evidence of having been cut.

The preponderance of the testimony shows that the fence was not cut, but was pushed or trampled to the ground by the cattle at the time they passed over it. This evidence is corroborated by the fact that the two bulls likewise passed over the fence when they gained entrance, the defendant not even contending that on that occasion the fence had been cut.

While the evidence is conflicting as to whether the cattle went through the same place in the fence that the bulls went through, the fact that the bulls were successful in getting through the fence would strongly indicate that the fence was not in the good state of repair and as well constructed as the defendant would have us believe.

Our learned brother below came to the conclusion that the defendant was guilty

of negligence in failing to keep the fence in a proper state of repair and in carelessly permitting his cattle to roam on the plaintiff's truck farm, and after a careful reading of the transcript we are of the opinion that the evidence supports his finding.

As to the quantum the plaintiff claims the following items:

| | |
|---|---|
| Loss of beans and poles | $ 75.00 |
| Loss of spinach | 10.00 |
| Loss of corn | 50.00 |
| Loss of tomatoes | 30.00 |
| Damage to ground, account of work and time required to plow and replow and harrow and reharrow, time necessary in allowing ground to set before same can be completed for planting | 335.00 |
| Total | $500.00 |

The judge of the lower court allowed the amount claimed for the loss of the first four items and $135 for the fifth item. We are of the opinion that he was correct except in so far as the allowance of $135 for replowing and reharrowing of the land is concerned, and as to that we believe it should be disallowed entirely, because in planting new crops he would have to replow and reharrow the land anyhow, and in allowing him the value of the destroyed crops we think he is fully compensated.

For the reasons assigned, our original decree is recalled, vacated, and set aside, and it is now ordered that the judgment of the lower court be amended by reducing the amount thereof from $300 to $165, and as thus amended it is affirmed.

Original decree of this court recalled.

Judgment of lower court amended and affirmed.