### SIZEMORE v. YAZOO & M. V. R. CO.*
#### No. 5133.

Court of Appeal of Louisiana.
Second Circuit.
Dec. 13, 1935.

---

J. R. Goff, of Arcadia, and H. W. Ayres, of Jonesboro, for appellant.

Thompson & Thompson, of Monroe, for appellee.

## TALIAFERRO, Judge.

Plaintiff brings this suit to recover damages for the loss of his left arm and right leg, by amputation, after these limbs had been crushed and mangled by a freight car of defendant in its yards in the city of Monroe, La., the night of August 11, 1933. An exception of no cause of action was sustained and the suit dismissed. From judgment to this effect, plaintiff prosecutes this appeal.

The petition sets up that plaintiff, accompanied by several companions, was en route from the C. C. C. Camp, at Bastrop, La., to his home in Jackson parish, and went onto defendant's premises in the city of Monroe for the purpose of engaging passage on one of its trains to Ruston, La., from which place he could secure transportation to his home; that while on said premises, for the aforesaid purposes, he and said companions walked onto the yards and about defendant's switch tracks, east of Oak street, which crosses said tracks at the east end of its station; that while in said yards, among said switch tracks, he, being fatigued, sat down on the north side of one of the tracks to rest, and, his companions having walked away, fell asleep with his head resting on one end of a crosstie; that while thus sleeping, he threw his left arm over the track rail behind him and was in this position when a "kicked-off" freight car rolled down the tracks and crushed said left arm; that being suddenly awakened by the crushing of his arm, he threw his right leg across the rail, which was also crushed by the same car.

Plaintiff further avers:

"X. That the said accident and resulting injuries occurred around midnight, or thereafter, when it was completely dark in the said railroad yards; that the said yards were unlighted; that the said freight car carried no lights whatever and was unattended by a brakeman or any character of lookout whatever and that had the said yards been lighted or the freight car equipped with lights or attended by a brakeman or a competent lookout, your petitioner's body and his helpless condition could have readily been noticed and observed and the car stopped in time to have avoided running over your petitioner and causing the resulting injuries.

"XI. That your petitioner was not discovered by any of the agents or employees of the defendant company until some time after his leg and arm had been crushed and passersby, attracted by his cries, had reported same to them.

"XII. That the place where your petitioner was injured, as hereinabove alleged, is about 100 yards east of Oak street and the east end of the defendant's station in the city of Monroe is in a thickly populated portion of the said city and is used by a great number of pedestrians, both day and night, in going about in the city, to the knowledge of defendant, its agents and employees.

"XIII. That it was gross carelessness and willful and wanton negligence on the part of defendant, its agents and employees, to cause a freight car to be rolled along its tracks to this point during the nighttime without lights and without the attendance of a competent lookout. * * *

"XVII. That his said injuries and the result and damages were caused by the gross carelessness, willful and wanton negligence of the defendant, its agents and employees, and that their negligence was the sole and proximate cause of the injuries to him and the resulting damages."

Defendant correctly deduces from the quoted allegations that the only negligence charged against it is as follows:

(1) That in the operation of its switch train in its yards, defendant was negligent in making a flying switch;

(2) That the yards of the defendant company were not lighted;

(3) That the freight car which ran over plaintiff did not carry lights; and

(4) That there was no brakeman or other attendant upon the freight car.

It is argued that the exception is well founded for two reasons, viz.:

1. That the petition does not charge any actionable negligence on the part of defendant; and

2. That the petition affirmatively discloses that plaintiff was guilty of contributory negligence of such a character that precludes recovery by him—such negligence having continued down to the moment of the accident.

Plaintiff's negligence is admitted by his counsel, but it is urged that notwithstanding this, he is entitled to recover under the doctrine of the last clear chance; it being argued that by the exercise of ordinary care and precaution, defendant's agents could have discovered plaintiff's perilous situation in time to avert injuring him.

In support of the contention that defendant's negligence in the respects mentioned exposes it to liability, the following cases are cited: Downing v. Morgan's L. & T. Ry. & S. S. Co., 104 La. 508, 29 So. 207; Lampkin v. McCormick, Receiver, 105 La. 418, 29 So. 952, 83 Am.St.Rep. 245; Kraemer v. Louisville & N. R. Co., 144 La. 57, 80 So. 198; Blackburn v. Louisiana Ry. & Nav. Co., 144 La. 520, 80 So. 708.

We do not think either of these cases sustains plaintiff's contention. The facts of each case are entirely unlike those of the present one.

In the first three of the cited cases, the injury was caused by a train of cars being backed over or across a street of a city or town, without the crossing being protected, or the forward car being well lighted, or carrying a lookout in position to warn persons of danger. There is a vast difference in the measure of duty resting upon a railroad company in the respects mentioned, between the handling of cars at a crossing regularly used by pedestrians and, on its own switch yards.

In the Blackburn Case, the deceased, being intoxicated, fell asleep at night on defendant's main track a short distance below its station in the town of Colfax, La., was run over by a passenger train, and killed. Defendant was held liable on the ground that the train was either running at such a rate of speed that it could not be stopped within the distance an object on the track could be seen, or the lights were defective or the trainmen were not keeping a proper lookout. The court said whichever may have been the case, such was the proximate cause of the injury, as the negligence of deceased had passed into a passive state. The facts of the case are so widely at variance with those of the case at bar that further comment is unnecessary.

In the present case, it is admitted that plaintiff was injured while asleep in the switching yards of defendant. He was a trespasser, as he had no right to be there at the time, and defendant owed him no duty beyond that of not wantonly injuring him. Savage v. Tremont Lumber Co., 3 La.App. 704; Johnson v. Texas & P. Ry. Co., 16 La.App. 464, 133 So. 517, 135 So. 114; Morris v. Great Southern Lumber Co., 132 La. 306, 61 So. 383; Vappi v. Morgan's L. & T. R. & S. S. Co., 155 La. 183, 99 So. 31, 33.

In this last case, the court, referring to the plaintiff's conduct as a trespasser on its tracks, said:

"Plaintiff seems to rely in this case entirely upon the vigilance of defendant company's employees for his protection, although he voluntarily chose to walk on the track of defendant company, a place of known danger, without taking any precaution for his own safety. It is not pretended that plaintiff looked at any time in his rear for the approach of a train, or gave himself any concern as to the danger to which he had subjected himself."

This language has peculiar application to the facts of the present case, revealed from the allegations of the petition. To the same effect is Chargois v. Morgan's L. & T. R. & S. S. Co., 148 La. 637, 638, 87 So. 499. Plaintiff not only was a trespasser upon defendant's yard, but, becoming weary and fatigued, accentuated his negligence by falling asleep in such close proximity to its rails that injury to him from passing cars was most probable. Allowing himself to go to sleep under such conditions serves only to aggravate his offense. His conduct discloses the grossest sort of negligence.

We do not think the doctrine of the last clear chance has application here. To so hold, we would have to say that defendant owed a duty to trespassers on its yards to maintain a system of lighting thereon, for their benefit and protection, which would make it possible for trainmen to

see them on its tracks over the entire area of the yard. This would be an unreasonable requirement, bordering on the absurd. It is tantamount to saying that if a prowler on private premises falls into a well because no light marked its presence, the owner is responsible for injury and damages flowing from the fall.

In Gilliam v. Texas & P. Ry. Co., 114 La. 272, 38 So. 166, plaintiffs sued to recover damages for the death of one who, while intoxicated and asleep between the rails of the defendant's track, in the country, was run over and killed by the forward car of a train of cars being pushed by its locomotive. The contention was made that the forward car should have been lighted so as to enable the train operators to discern objects on the track in time to avert injury. This contention was rejected in the following language:

"Held, that plaintiff could not successfully urge as negligence the company's failure to take such unusual precautions for the protection of the deceased, a trespasser upon its tracks. Smith v. Crescent City R. Co., 47 La.Ann. 833, 17 So. 302.

"Trespassers have not the right to exact from railroad companies the same care for their safety as can their employees and their passengers."

In Bridges v. Kinder & N. W. R. R., et al., 149 La. 417, 89 So. 309, 15 A.L.R. 1525, the court rejected suit for damages for the death of a man run over at night by the forward car of a train pushed by a locomotive. The facts of the case are that the man was lying drunk on the track at a place between defendant's sawmill and the town of Kinder. The only light on the forward car was an ordinary lantern in the hands of a brakeman, on top of the car, which reflected only a few feet ahead. The court said:

"The negligence attributed to the defendant is in having operated this train without a sufficient headlight, although the constant use of the track by pedestrians was known."

This contention was rejected in the following language:

"The place was out in the woods, not near any populous center. Under these circumstances the responsibility for what happened must remain with the unfortunate decedent alone. What was said by this court in the case of Gilliam v. Texas & P. Ry. Co., 114 La. 272, 38 So. 166, applies even more clearly to the present case.

The learned trial judge, founding himself upon that case, and upon that of Fils v. Iberia, St. M. & E. R. Co., 145 La. 544, 82 So. 697, dismissed the suit."

If it is not actionable negligence to fail to light the forward end of a string of moving cars, under the circumstances of this case, a fortiori, it is not negligence to fail to light up switch yards, merely to afford protection to those who have no right to go upon them.

 We do, not think the allegations of article 12 of the petition materially affect the situation. It may be true that pedestrians do walk over defendant's yards while going about that part of the city of Monroe, but this does not necessarily imply that they do so on invitation or authority. It is practically impossible to prevent such liberties on their part. The Chargois Case, and others cited herein, sustain this conclusion. Also Fils v. Iberia, St. M. & E. R. Co., 145 La. 544, 82 So. 697.

Being of the opinion the judgment appealed from is correct, it is, for the reasons assigned, affirmed with costs.